UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LOUIS D. GALVAN,                        )
                                        )
              Movant,                   )        Case No. 4:06-CV-1502 (CEJ)
                                        )
vs.                                     )
                                        )        **[consolidated with**
UNITED STATES OF AMERICA,                )        **Case No. 4:06-CV-1521 (CEJ)]**
                                        )
              Respondent.               )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Louis Galvan to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a

response addressing the merits of the motion.

### I. Background

 On September 30, 2003, a jury found Galvan guilty of one count of possessing

pseudoephedrine, knowing or having reasonable cause to believe it would be used to

manufacture methamphetamine,   in violation of 21 U.S.C. § 841(c)(2).   He was

sentenced to a 110-month term of imprisonment, to be followed by a two-year term

of supervised release.  Galvan's conviction and sentence were affirmed on appeal.

United States v. Galvan, 407 F.3d 954 (8th Cir.), cert. denied, 546 U.S. 967 (2005).

### II. Discussion

### A. Ineffective Assistance of Counsel

In his motion, Galvan asserts that he was denied effective assistance of counsel

at trial.  To prevail on a claim of ineffective assistance of counsel, a movant must show

that his attorney's performance fell below an objective standard of reasonableness and

that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984).

There exists a strong presumption that counsel's conduct falls within the wide range of

professionally reasonable assistance. Id. at 689. In order to show prejudice , a movant

"must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." Id. at

694. The failure to show prejudice is dispositive, A court need not address the

reasonableness of the attorney's performance in the absence of prejudice. United

States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### 1. Inadequate representation and investigation

Galvan claims that his attorney provided deficient representation in several

respects. He first alleges that, before trial, defense counsel became "fed up" with him

and wanted him to plead guilty. He further alleges that, during the trial, defense

counsel was reviewing other clients' documents, told him that his case was a "waste of

time," and told him that the government would seek the maximum penalty because he

had refused to plead guilty.

Assuming Galvan's allegations are true, he has not shown that he was prejudiced

by counsel's statements or conduct. As the trial transcript reveals, defense counsel was

fully engaged during the trial. She cross-examined each of the government's

witnesses, moved to exclude certain testimony, offered exhibits on Galvan's behalf, and

made appropriate objections to witness testimony and to the jury instructions. Any

frustration defense counsel may have felt before trial cannot be detected in her

performance during the trial. Additionally, Galvan points to no evidence or argument

that would not have been presented to the jury but for counsel's alleged

inattentiveness. Finally, it was appropriate for defense counsel to inform Galvan that

the government would likely be less charitable toward him if he went to trial than if he

−2−

pled guilty.  Indeed, this is the kind of  information a criminal defendant should know in order to make an informed decision about how to proceed.

Next, Galvan alleges that his attorney failed to conduct an adequate investigation by failing to contact a potential witness, Michelle Reinert, failing to obtain the receipt from store where he had purchased the pseudoephedrine pills and other items, and by failing to have the pseudoephedrine pills analyzed.   Assuming these allegations are true, Galvan has not shown that he was prejudiced.

According to police surveillance reports, Ms. Reinert and Galvan had been seen together at various locations throughout the day of Galvan's arrest.   Later, when officers stopped Ms. Reinert they found several syringes containing methamphetamine in her purse.   Defense counsel succeeded in moving to exclude testimony from the police officers about this discovery.   However, if Ms. Reinert had been called to testify for the defense, it is possible that the government would have been allowed to elicit this information from her during cross-examination.   It would have been appropriate for defense counsel to be concerned that evidence of Ms. Reinert's possession of methamphetamine could be harmful to the defendant.   Apart from that, Galvan does not state the information Ms. Reinert could have provided that would have been helpful to his case.   Likewise, Galvan has not shown that a store receipt showing that he purchased legitimate items *in addition to* the pseudoephedrine pills would have brought about a different verdict.   Finally, as Galvan does not contend that the pills in evidence did not contain pseudoephedrine, counsel's failure to have them analyzed was not prejudicial.

### 2.  Failure to object to shackles

Galvan next criticizes his attorney for failing to seek removal of the leg shackles he was required to wear during the trial. Because a curtain was placed around the table where Galvan sat, the shackles could not be seen by the jurors. Also, Galvan was escorted in and out of the courtroom only when the jurors were not present. The evidence showed that Galvan tried to evade arrest by fleeing from the police, initially in his truck, and that he endangered the officers in doing so. Given these circumstances, Galvan cannot demonstrate any likelihood that a request for removal of the shackles would have been granted.

### 3. Failure to challenge mental competency

Before trial, defense counsel arranged for a mental competency evaluation of Galvan. Defense counsel described the results of the evaluation as follows:

> MS. LAW: . . . Dr. [Heydebrand] essentially found Mr. Galvan to be competent sort of by a nose. She found him to be rather diminished. She did not find him not to be competent to proceed. So --
> THE COURT: I sort of assumed that, because if it had been otherwise, I am sure I would have heard from you.
> MS. LAW: Exactly.

Contrary to Galvan's allegations, defense counsel did inform the Court of the examiner's findings. Clearly there were no grounds for challenging Galvan's competence to stand trial in view of these findings. Moreover, Galvan has not shown that a second evaluation would have yielded a finding that he was not competent to proceed to trial. Finally, it is noted that defense counsel relied on Dr. Heydebrand's report at sentencing to support her request for a downward departure based on diminished capacity. The Court considered the report and denied the request. Defense counsel cannot be faulted for an adverse ruling by the Court.

### B.  Insufficiency of Indictment

Galvan challenges the sufficiency of the indictment because it contains no allegation of "reckless endangerment."  Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Here, the indictment contained the factual allegations necessary to establish the charge of possession of pseudoephedrine, knowing or having reasonable cause to believe it would be used to manufacture methamphetamine.  Because reckless endangerment is not an element of the offense, it was not necessary to include it in the indictment.

### C.  Sentencing Issues

At sentencing, the Court determined that an increase of Galvan's offense level pursuant to U.S.S.G. § 3C1.1 was warranted by his reckless endangerment of the police officers as he attempted to flee.  Galvan contends that the government should have been required to present the issue of reckless endangerment to the jury and prove it beyond a reasonable doubt.   Reckless endangerment is a sentencing factor; it is not a "fact that increases the penalty for the crime beyond the prescribed statutory maximum."  Apprendi v. New Jersey, 530 U.S. 466, 490 (1999).[1]   Therefore, the Court's determination of the enhancement did not violate Galvan's Fifth or Sixth Amendment  rights.

Galvan's last claim is that his sentence of imprisonment was unlawfully increased by the imposition of a term of supervised release.  There is no merit to this claim.  The term of supervised release commences upon completion of the sentence of imprisonment.  18 U.S.C. § 3583(a).

---

[1] The statutory maximum term of imprisonment for Galvan's offense was 20 years.  21 U.S.C. § 841(c).

### III. Conclusion

For the foregoing reasons, the Court concludes that Galvan has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion. The Court finds that Galvan has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Louis D. Galvan to vacate, set aside, or correct sentence [Doc. # 1] is **denied**.

**IT IS FURTHER ORDERED** that the movant's requests for a hearing and for appointment of counsel are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2010.